Bonilla-Hernandez v. Garland

BIA
McCarthy, IJ
A206 721 456

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-four.

PRESENT:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

ADELA CANDELARIA BONILLA-HERNANDEZ,
> *Petitioner,*

v.                                                          **22-6056**
                                                           **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Adela Candelaria Bonilla-Hernandez, a native and citizen of El Salvador, seeks review of a January 25, 2022, decision of the BIA affirming a March 27, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Adela Candelaria Bonilla-Hernandez*, No. A 206 721 456 (B.I.A. Jan. 25, 2022), *aff'g* No. A 206 721 456 (Immig. Ct. N.Y. City Mar. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

2

Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We begin with Bonilla-Hernandez's claims for asylum and withholding of removal, which we deny. An applicant for asylum and withholding of removal has the burden to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (deferring to BIA's application of "one central reason" standard to withholding of removal). When seeking relief based on membership in a particular social group, an applicant must establish that the proposed group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

Bonilla-Hernandez has failed to exhaust and has abandoned two dispositive grounds for the denial of her social group claim—that the group was circularly defined by the harm and was not socially distinct. *See Ud Din v. Garland*, 72 F.4th

3

411, 419–20 & n.2 (2d Cir. 2023) (confirming that issue exhaustion is mandatory when invoked by the Government); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted) (citation omitted)). Moreover, the agency did not err in finding that her proposed social group of "women business owners suffering economic persecution due to gang activity" is not cognizable because being a business owner is not an immutable characteristic. An immutable characteristic is one that applicants "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (citation omitted). Bonilla-Hernandez's work at a market is not such a characteristic. *See Matter of Acosta*, 19 I. & N. Dec. 211, 234 (B.I.A. 1985) (reasoning that a characteristic was not "immutable because the members of the group could avoid the threats . . . by changing jobs"). Finally, we do not consider Bonilla-Hernandez's claimed membership in a family-based social group because she did not raise such a claim before the agency. *See Ud Din*, 72 F.4th at 419–20 & n.2.

4

We also deny the petition as to CAT relief. "An alien is entitled to protection under CAT when he or she is more likely than not [to] . . . be tortured . . . [in] the proposed country of removal." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (alterations in original) (internal quotation marks omitted) (citation omitted). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by, or . . . with the consent or acquiescence of, a public official . . . ." 8 C.F.R. § 1208.18(a)(1). "[A]cquiescence is demonstrated by evidence that government officials know of or remain willfully blind to an act of torture and thereafter breach their legal responsibility to prevent it." *Scarlett v. Barr*, 957 F.3d 316, 334 (2d Cir. 2020) (internal quotation marks and brackets omitted) (citation omitted)).

The agency did not err in finding that Bonilla-Hernandez failed to show the Salvadoran government would acquiesce to her torture. Country conditions evidence reflects that the Salvadoran police received thousands of police reports from victims of extortion, and that extortion by gang members had fallen in recent years. Bonilla-Hernandez asserts that the government is unable to control gang violence, but given her failure to report the threat and some evidence that the authorities had been successful in reducing extortion, her allegation alone is

5

insufficient to establish acquiescence. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that where "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion"); *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring CAT applicant to establish that "someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6